UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAJAN PROROKOVIC and DINA PROROKOVIC,

           Plaintiffs,

    -against-

UNITED INSURANCE HOLDINGS CORP. and
UNITED PROPERTY & CASUALTY INSURANCE
COMPANY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :X

Civil Action No.

**COMPLAINT**

Jury Trial Demanded

      Plaintiffs DAJAN PROROKOVIC and DINA PROROKOVIC (hereinafter collectively referred to as "Plaintiffs), by their attorneys Kane Kessler, P.C., as and for their complaint against defendants United Insurance Holdings Corp. and United Property & Casualty Insurance Company (hereinafter collectively referred to as "UPC Insurance" or Defendants), respectfully allege as follows:

## NATURE OF THE ACTION

      1.    This action arises from the improper and arbitrary failure and refusal of UPC Insurance to indemnify Plaintiffs for the total loss of their home resulting from a fire on November 5, 2020, pursuant to the terms and conditions of a homeowner's insurance policy issued by UPC Insurance to Plaintiffs, which became effective on August 28, 2020.

      2.    As a result of the breach of contract and wrongful disclaimer of liability by UPC Insurance as aforesaid, Plaintiffs sustained damages exceeding $600,000.00 and UPC Insurance is required to compensate Plaintiffs for those damages up to the liability limits of Plaintiffs' homeowner's insurance policy for the loss of Plaintiffs' dwelling, the contents of Plaintiffs' dwelling and the rental of an alternative residence.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction of this action based upon diversity of citizenship between Plaintiffs and Defendants pursuant to 28 U.S.C. §1332(a)(2).

4. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), since a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district;

6. Plaintiffs are individuals currently residing at 16 Elmwood Drive, New City, New York 10952.

7. Upon information and belief, at all times referred to herein, defendant United Insurance Holdings Corp. ("UIHC") was and is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at 800 2nd Avenue, St. Petersburg, Florida.

8. Upon information and belief, at all times referred to herein, defendant United Property & Casualty Insurance Company was and is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, with its principal place of business located at 800 2nd Avenue, St. Petersburg, Florida.

9. Upon information and belief, at all times referred to herein, UIHC served as the holding company for defendant United Property & Casualty Insurance Company and its affiliated companies.

10. Upon information and belief, United Property & Casualty Insurance Company is a wholly owned subsidiary of UIHC.

11.     Upon information and belief, United Property & Casualty Insurance Company and UIHC are primarily engaged in the homeowners property and casualty insurance business throughout the United States.

12.     Upon information and belief, UPC Insurance transacts substantial business through its agents, servants and employees in this judicial district and throughout the State of New York, contracts on a regular basis to provide insurance services within this judicial district and the State of New York, markets its insurance services within this judicial district and throughout the State of New York and it regularly issues policies of insurance, including homeowner's policies to residents of this judicial district and throughout the State of New York, including Plaintiffs.

13.     Plaintiffs contracted with UPC Insurance to provide insurance services in this judicial district and in the State of New York.

### AS FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

14.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 13 above with the same force and effect, as if fully set forth herein.

15.     At all relevant times, Plaintiffs were the owners of real property located at 24 Woodside Drive, New City, New York 10956, hereinafter referred to as "the Premises".

16.     On or about June 10, 2020, Plaintiffs entered into a contract to purchase the Premises from Craig J. Rubenstein, who was the owner and occupant of the Premises on that date.

17.     Pursuant to the aforesaid contract of sale, the closing of title was scheduled initially to occur on July 20, 2020.

18. On or about August 6, 2020, an appraisal of the premises was prepared for Homebridge Financial Services, Inc. in connection with financing to be provided to Plaintiffs for the purchase of the Premises.

19. The appraisal indicated that the value of the Premises as of July 28, 2020 was $605,000 and the asphalt roof existing on the Premises was in good condition.

20. On or about August 13, 2020, Plaintiff Dajan Prorokovic ("Daj") submitted a homeowner's insurance application to UPC Insurance through its agent, Azby Brokerage, Inc. ("Azby") located at 1751 Crosby Avenue, Bronx, New York 10461-4939.

21. The homeowner's insurance application was completed fully by Azby at its offices in Bronx, New York and thereafter submitted to Daj for execution.

22. On or about August 14, 2020, UPC Insurance issued a homeowner's insurance policy to Daj for the Premises under policy number 32 1017967041 00 for the policy period August 28, 2020 through August 28, 2021 (the "Policy").

23. At all times referred to herein, Plaintiff Dina Prorokovic ("Dina") was a third party beneficiary of the Policy.

24. Plaintiffs paid all of the premiums required by UPC Insurance for the Policy.

25. The Policy provided, inter alia, that UPC Insurance would provide insurance and compensation to the insured in the event of damage to the dwelling and other structures on the Premises and personal property located in the Premises, resulting from fire and other specified perils, up to the monetary limits described in the Policy.

26. The Policy provided that the limit of liability for the dwelling was $423,000, personal property and contents was $126,900 and other structures was $8,460.

27. In addition, the Policy provided insurance coverage and compensation to the insured for loss of use of the Premises to a liability limit of $42,300.

28. On or about September 17, 2020, the closing of the sale of the Premises was finalized and Plaintiffs became the owners of the Premises (the "Closing").

29. At all times prior to the Closing, the Premises were occupied by Craig J. Rubenstein, who was the owner of the Premises until September 17, 2020.

30. On or about November 5, 2020, a fire occurred at the Premises resulting in the total destruction of the dwelling, other structures, as well as the personal property and the contents located in the dwelling, all of which were owned by Plaintiffs.

31. As a result of the aforesaid fire, Plaintiffs lost the use of the Premises and were required to make alternative living arrangements for which they paid substantial rent, which exceeds or will exceed the sum of $42,300.

32. The damage to the dwelling on the Premises resulting from the fire exceeds the sum of $423,000.

33. The damage to the personal property and contents in the dwelling as a result of the fire exceeds the sum of $126,900.

34. The damage to other structures on the Premises resulting from the fire exceeds $8,460.

35. Plaintiffs promptly notified UPC Insurance about the fire and the loss resulting from the fire in accordance with the provisions of the Policy.

36. Pursuant to the terms of the Policy, UPC Insurance is obligated to pay Plaintiffs the sum of $423,000 for damage to the dwelling, the sum of $126,900 for damage to the personal

property and contents located in the dwelling, and the sum of $8,460 for damage to other structures located on the Premises.

37. Pursuant to the terms of the Policy, UPC Insurance also is obligated to pay Plaintiffs for damages resulting from loss of use of the Premises in the amount of $42,300.

38. Although Plaintiffs have complied with all of the obligations required by them pursuant to the terms and conditions of the Policy, UPC Insurance intentionally, maliciously, wrongfully, and in bad faith, has disclaimed all liability and insurance coverage to Plaintiffs by letter dated January 19, 2021.

39. UPC Insurance has failed and refused to compensate Plaintiffs for the damages sustained by them as a result of the fire, despite demand by Plaintiffs for compensation.

40. As a result of the aforesaid breach of the Policy by UPC Insurance as aforesaid, Plaintiffs have sustained damages in an amount exceeding $600,000, plus interest from November 5, 2020.

41. Due to the aforesaid bad faith of Defendants and their frivolous, malicious, wrongful, and intentional denial of insurance coverage to Plaintiffs, Defendants are liable to Plaintiffs for punitive damages exceeding $1,000,000.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendants UIHC and United Property & Casualty Insurance Company, jointly and severally, as follows:

    A.    For compensatory damages exceeding the amount of $600,000.00, plus interest from November 5, 2020;

    B.    For punitive damages exceeding the sum of $1,000,000;

  C.  For reasonable attorneys' fees;

  D.  For the costs and disbursements of this action; and

  E.  For such other and further relief, which the Court may deem to be just, proper, and equitable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all claims in this action.

Dated: March 8, 2021        **KANE KESSLER, P.C.**

                By: *s/ S. Reid Kahn*
                   S. Reid Kahn
                600 Third Avenue-35th Floor
                New York, NY 10016
                (212) 541-6222
                rkahn@kanekessler.com

                *Attorneys for Plaintiff*