Michael T. Hensley, Esq.
Yevgeniya B. Zarmon, Esq.
**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
*Attorneys for Defendant,*
*United Property and Casualty Insurance Company*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAJAN PROROKOVIC and DINA PROROKOVIC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 7:21-CV-01998-VB <br><br><br> **ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendant United Property and Casualty Insurance Company ("United"), by and through its attorneys, Bressler, Amery & Ross, P.C., by way of Answer to the Complaint filed by Plaintiffs Dajan Prorokovic and Dina Prorokovic says:

**RESPONSE TO NATURE OF THE ACTION**

1.  This Paragraph contains legal conclusions, to which no response is required. To the extent that a response is required, United denies this Paragraph as phrased. United admits only that it issued Policy number 32 1017967041 00 to Dajan Prorokovic for the property located at 24 Woodside Drive, New City, New York, 10956, for the effective period of August 28, 2020 through August 28, 2021, and that coverage under the Policy was at all times subject to the terms,

conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

2. United denies the allegations contained in this Paragraph.

## RESPONSE TO JURISDICTION AND VENUE

3. Defendant admits that Plaintiffs' claims invoke federal jurisdiction but denies any wrongdoing related to Plaintiffs.

4. Defendant admits that Plaintiffs' claims invoke federal jurisdiction but denies any wrongdoing related to Plaintiffs.

5. Defendant admits that Plaintiffs' claims invoke federal jurisdiction but denies any wrongdoing related to Plaintiffs.

6. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

7. This Paragraph contains allegations about an entity that is no longer a party in this matter and, therefore, no response is required. To the extent a response is required, United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

8. United admits the allegations contained in this Paragraph.

9. This Paragraph contains allegations about an entity that is no longer a party in this matter and, therefore, no response is required. To the extent a response is required, United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, United denies all allegations.

11. United admits the allegations contained in this Paragraph.

12. United admits the allegations contained in this Paragraph for jurisdictional purposes.

13. United admits only that it issued Policy number 32 1017967041 00 to Dajan Prorokovic for the property located at 24 Woodside Drive, New City, New York, 10956, for the effective period of August 28, 2020 through August 28, 2021, and that coverage under the Policy was at all times subject to the terms, conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

**RESPONSE TO THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

14. United incorporates by reference the responses set forth in Paragraphs 1 through 13 as if set forth in full herein.

15. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

16. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

18. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

19. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

20. United admits the allegations contained in this Paragraph.

21. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

22. United admits the allegations contained in this Paragraph.

23. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, United denies all allegations.

24. United admits only that it issued Policy number 32 1017967041 00 to Dajan Prorokovic for the property located at 24 Woodside Drive, New City, New York, 10956, for the effective period of August 28, 2020 through August 28, 2021, and that coverage under the Policy was at all times subject to the terms, conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

25. United admits only that coverage under the Policy was at all times subject to the terms, conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

26. United admits only that coverage under the Policy was at all times subject to the terms, conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

27. United admits only that coverage under the Policy was at all times subject to the terms, conditions, limitations and exclusions contained therein. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

28. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

29. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

30. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

31. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

32. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

33. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

34. United denies knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

35. United admits only that, on November 5, 2020, Richard Signorelli of Azby Brokerage reported a claim to United for the subject property caused by fire, to which United assigned Claim Number 20NY00077384. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

36. United denies the allegations contained in this Paragraph.

37. United denies the allegations contained in this Paragraph.

38. United denies the allegations contained in this Paragraph.

39. United denies the allegations contained in this Paragraph.

40. United denies the allegations contained in this Paragraph.

41. United denies the allegations contained in this Paragraph.

**WHEREFORE**, United requests the Court dismiss the Complaint with prejudice and award United costs of suit, interest, and any other relief that the Court finds just and equitable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint against this Defendant fails to state a claim up on which costs of suit and/or attorney's fees may be awarded.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of avoidable consequences.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, or must be reduced by virtue of Plaintiff's failure to mitigate, minimize, or avoid the damages allegedly sustained.

**SIXTH AFFIRMATIVE DEFENSE**

The complained of occurrences were caused by third parties over whom Defendant UPC had no control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are the result of intervening or superseding acts of others over whom Defendant UPC had neither control nor right of control.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the operation of the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the operation of the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the operation of the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of his failure to comply with the Policy's conditions precedent and conditions subsequent, including but not limited to timely notice of the claims required thereunder and cooperation with the defense obligations.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the provisions, terms, conditions, exclusions, and endorsements of the Policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for the reasons set forth in Defendant UPC's coverage position letters, referred to and/or incorporated herein by reference.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant UPC has fulfilled its obligations in good faith, with due care, and in accordance with applicable laws.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Based upon information known to date, Defendant believes that the Plaintiffs are relying upon an inflated estimate that does not accurately reflect the costs to complete the reasonable and necessary repairs associated with the subject loss.  By relying on an inflated estimate, the Plaintiffs stand to be unjustly enriched.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint arise under an insurance policy issued by United which was procured by material misrepresentations in the application and is thus void <u>ab initio</u>, voidable and/or subject to rescission.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint arise under an insurance policy issued by GTLIC which was procured by fraud upon United and is thus void <u>ab initio</u>, voidable and/or subject to rescission.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant UPC reserves the right to amend and supplement these affirmative defenses during discovery.

**DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF**

Defendant/Counterclaim Plaintiff United Property and Casualty Insurance Company ("United"), by and through its attorneys, Bressler, Amery & Ross, P.C., allege by way of Counterclaim against Plaintiff/Counterclaim Defendants Dajan Prorokovic and Dina Prorokovic, and states as follows:

**PARTIES**

1. Plaintiffs/Counterclaim Defendants Dajan Prorokovic and Dina Prorokovic are individuals with a residence located at 24 Woodside Drive, New City, New York 10956.

2. Defendant/Counterclaim Plaintiff United Property and Casualty Insurance Company is a foreign corporation, with a principal place of business located at 800 2nd Avenue South, St. Petersburg, Florida 33701.

**JURISDICTION**

3. This Court maintains personal jurisdiction over Plaintiffs/Counterclaim Defendants, as they have submitted to the jurisdiction of the United States District Court for the Southern District of New York for the resolution of all matters pertinent to the allegations giving rise to this action, as stated in Plaintiffs/Counterclaim Defendants' Complaint and set forth more fully in this Counterclaim.

4.  Venue is proper as the cause of action arose in New City, New York, and Plaintiffs/Counterclaim Defendants are residents of New City, New York.

## FACTUAL BACKGROUND

*The Homeowners Insurance Application, Damage to Premises, and Investigation*

5.  On August 13, 2020, Dajan Prorokovic ("Dajan") applied for a homeowners insurance policy with United (the "Application") for property located at 24 Woodside Drive, New City, NY 10956-6744 (the "Property). No co-applicant was listed on the Application.

6.  In connection with his Application, Dajan certified that the dwelling was: (1) 20 years old or newer (that it was updated in 2002); (2) that the dwelling had a certificate of occupancy and was not an incomplete newly constructed home; or, if under additional construction or renovation, same would be completed within the next 90 days; and (3) that the home would be owner-occupied.

7.  According to documentation submitted to United, previously, on June 3, 2020, a home inspection was performed by Wayne Greenblatt of Professional Home Inspections of NJ as to a planned addition, which inspection estimated that the cost of the addition would be approximately $143,332.00, would take five months to complete, and which stated the Property would not be habitable four months after construction began.

8.  According to documentation submitted to United, Johnny Fix-It was hired to perform renovations totaling $152,398 in accordance with the home inspection estimates prepared by Mr. Greenblatt. Work was to begin after the closing.

9.  According to the Insured, the closing on the Property occurred on September 17, 2020.

10. On October 13, 2020, UPC sent the Insured's agent, Azby Brokerage Inc. (the "Agent"), a policy cancellation notice, which would be effective November 17, 2020, due to an

9

inability to obtain requested self-inspection photos to confirm conditions are acceptable and meet company guidelines.

11. On October 16, 2020, UPC followed up with an email to the Agent stating that the Home Self Inspection had been reviewed and UPC was unable to lift the pending cancellation because:

> [t]he roof is in poor condition due to lifting shingles. Also showing moss/mildew growing on the roof with extreme granular loss. Full replacement required. If the insured provides documentation that all issues are corrected prior to the pending cancellation date, we will review the policy for possible continuation. If the documentation is received after the expiration, and it is within 30 days of the expiration date, underwriting will review for reinstatement.

12. On November 5, 2020, the Agent reported a loss caused by a fire at the Insured's property.

13. On that same date, United sent the Insured an acknowledgment letter.

14. The property was inspected on November 5, 2020 by Chief Fire Safety Inspector Stephen Ungerleider of the New City Fire Department, whose report stated that construction was being performed at the Property on or around the time of the loss.

15. The police report for the incident, dated November 6, 2020, likewise indicated that construction was being performed at the Property on or around the time of the loss.

16. On November 6, 2020, United sent a Reservation of Rights ("ROR") letter stating that the reason for reservation was that the policy was under cancellation notice due to lack of requested documentation to verify property conditions.

17. On November 11, 2020, Nefco Fire Investigations performed an investigation of the premises and found that the fire cause was undetermined but thought to be electrical.

18. On November 12, 2020, in a recorded statement, the Insured confirmed that his spouse, Dina Prorokovic ("Dina") was not named on the Policy or on the mortgage for the Property.

19. The Insured also stated that the roof was nineteen (19) years old and that it was scheduled to be repaired before November 17, 2020, per United's cancellation notice.

20. The Insured stated that the prior owner moved out a week before the closing of September 17, 2020.

21. On November 13, 2020, United took a recorded statement of Richard Signorelli from the Agent's office, in which Mr. Signorelli stated he knew nothing about any construction at time of the Application.

22. On November 17, 2020, United took a recorded statement from the former owner of the home, Craig Rubenstein, in which Mr. Rubenstein stated he lived at the Property until September 17, 2020.

23. Mr. Rubenstein also said the roof had not been repaired since 1993, at which time he put new shingles over the old ones.

24. Also on November 17, 2020, United took a recorded statement from Dina, the Insured's wife, in which she stated they were getting a new roof on the house because the old roof was more than twenty (20) years old.

25. Dina also stated that she and the Insured moved into the house October 1-2, 2020.

26. On November 17, 2020, United took a recorded statement from the Insured's mortgagor, Home Bridge Financial, during which the representative stated that the closing occurred on September 17, 2020, and repairs started after that date.

27. On November 18, 2020, United received an original appraisal and scope of repair ("SOR") from Johnny-Fix-It, which showed that work was to begin on the Property after the September 17, 2020, closing on the Property.

28. On December 30, 2020, United spoke with the project manager at Johnny-Fix-It, who stated that the renovation on the Property was not expected to be completed until January 2021.

29. On December 11, 2020, the Insured submitted to an Examination Under Oath.

30. Based on the aforementioned investigation, on January 19, 2021, United sent the Insured a letter denying the claim and rescinding the policy due to material misrepresentations made in the application process:

> We reviewed the homeowner Application for Insurance executed by you on August 13, 2020. On page of 1 of 8, under the "Rating Information" section, the "roof age" is stated to be "18" years.
>
> Also, on page 1 of 8, under the "Updates" section the roof was last updated in "2002".
>
> On December 11, 2020, you appeared virtually for an Examination Under Oath at which time you testified that the roof was 19 years old and that you had asked the prior owner, Craig Rubenstein, about the age of the roof prior to your purchase of the residence. Your sworn testimony was that the roof was redone in 2001 with plywood and shingles.
>
> As part of our investigation, we spoke with the prior owner, who advised UPC that there had been no repairs performed to the roof of the home since 1993.
>
> Furthermore, your spouse, Dina Prorokovic, in a statement to UPC, stated that the "roof was over 20 years old."
>
> On the Application for Insurance, you certified that "the dwelling both has a Certificate of Occupancy and is not an incomplete newly constructed home. If under additional construction or renovation, will be completed within the next 90 days."
>
> During our investigation it was determined that you entered into a contract for construction of an addition to your home with Johnny Fix It. The contract is dated

July 14, 2020. The materials provided to UPC indicate that an inspection was held on June 3, 2020, whereby it is stated that the "estimated months to completion is 5 months and that it would be habitable in 4 months". On the Application for Insurance, you represented that "If under additional construction or renovation, will be completed within the next 90 days." Therefore, the residence was under construction as you entered into a contract for renovations to the premises prior to signing the Application for Insurance and the issuance of the policy by UPC.

During our investigation, we spoke with your insurance agent, Richard Signorelli. Mr. Signorelli had no knowledge whatsoever that you had entered into a construction contract, nor that any construction was scheduled to take place at the subject property.

Furthermore, the policy of insurance issued by UPC became effective on August 28, 2020. On December 11, 2020, you testified that the prior owner, Mr. Rubenstein, resided at the premises up until the date of closing, September 17, 2020. However, on the Application for Insurance, page 1 of 8, under the "Rating Information" section, you cited that the property was "owner" occupied, "12" months, and not rented. Therefore, the residence was not occupied by you, the "owner", at the time of signing the Application for Insurance.

**Based upon the information set forth above, UPC has determined that you made material misrepresentations and/or false statements on the Application for Insurance. The misrepresentations identified include, but are not limited to, false statements and/or concealment of the age of the roof, condition of the roof, concealment of renovations and/or construction efforts, questionable habitability of the subject premise, occupancy, etc. Had UPC known the true facts, the policy would not have been issued or would have been written under different terms, conditions, and premiums. As a result, the policy issued by UPC, policy number 32 1017967041 00, will be rescinded and any policy premiums paid to date will be refunded. Therefore, there is no coverage available for the above-referenced loss. UPC denies any and all coverage.**

Based upon the information set forth above, UPC has determined that you made material misrepresentations and/or false statements on the Application for Insurance. The misrepresentations identified include, but are not limited to, false statements and/or concealment of the age of the roof, condition of the roof, concealment of renovations and/or construction efforts, questionable habitability of the subject premise, occupancy, etc. Had UPC known the true facts, the policy would not have been issued or would have been written under different terms, conditions, and premiums. As a result, the policy issued by UPC, policy number 32 1017967041 00, will be rescinded and any policy premiums paid to date will be refunded. Therefore, there is no coverage available for the above-referenced loss. UPC denies any and all coverage

31. On January 20, 2021, Nicole Berman, the Underwriter for the Application, signed an affidavit stating that if the Insured had provided the correct information regarding the roof update year, the occupancy prior to September 17, 2020, the fact that construction on the property would not be completed in ninety (90) days, or answered "no" in response to a question on the Application regarding the occupancy and roof, then United would either not have written the policy or have written it under different terms.

32. On January 22, 2021, UPC send Insured a Policy Voidance letter in accordance with New York Insurance Law §3105, stating that the cause of the rescindment was "[m]isrepresentation of material facts in obtaining a homeowners insurance policy with UPC Insurance Company for the property located at [address], by falsely providing the incorrect roof age, incorrect occupancy type and number of months the risk is occupied or rented. In addition, there is existing damage to premises which was not disclosed on application."

33. The letter also stated that the Insured's premium would be returned, which check was issued to the Insured on January 29, 2021, in the amount of $1,366.35.

**Relevant Policy Language**

34. The Insured's Policy contains the following provisions:

*NEW YORK HOMEOWNERS 3 – SPECIAL FORM - UPC NY 03 10 19*
\*\*\*\*
*SECTION 1 - CONDITIONS*
\*\*\*\*
*R. Concealment Or Fraud*
*We do not provide coverage for the "insured" who, whether before or after a loss, has:*
*1. Intentionally concealed or misrepresented any material fact or circumstance;*
*2. Engaged in fraudulent conduct; or*
*3. Made false statements;*
*relating to this insurance.*
\*\*\*\*
\*\*\*\*
*IMPORTANT NOTICE OCCUPANCY - N 31 013 10 19*
*Your homeowner's policy provides coverage for an **owner-occupied residence. You must***

14

*occupy the residence at least three months per policy period. Please contact your agent immediately if the residence insured is **vacant, unoccupied** or no longer meets the minimum three-month requirement to avoid potential denial of coverage.*

## COUNT I

### DECLARATORY JUDGMENT THAT THE POLICY IS VOID <u>AB INITIO</u>, VOIDABLE AND/OR SUBJECT TO RESCISSION

35. Defendant/Counterclaim Plaintiff repeats and realleges the foregoing allegations as if fully set forth at length herein.

36. On the facts averred above, and as alleged by the contents of the Complaint, there is an actual controversy of a justiciable nature as to whether the Policy was procured through material fraud in the Application, and should therefore be deemed void <u>ab initio</u>, voidable and/or subject to rescission, so that Plaintiffs are entitled to no payment of benefits thereunder.

37. United seeks, and is entitled to, a judicial declaration that, in light of the circumstances surrounding the Policy's origin, including the fact that the status of construction and the roof were misrepresented and not disclosed to United at the time of the Application, the Policy be deemed void <u>ab initio</u>, voidable and/or subject to rescission.

**WHEREFORE**, United respectfully requests the entry of an Order by this Court against Plaintiffs, as follows:

(a) Declaring the Policy void and rescinding the same based on the material misrepresentations made in the Application;

(b) Declaring that United is not required to cover the losses Plaintiffs/Counterclaim Defendants complains of; and,

(c) For such further relief as this Court may deem just and equitable, including but not limited to incidental damages, reasonable attorneys' fees, and costs of suit.

By:     */s/ Michael T. Hensley*
Michael T. Hensley, Esq.
**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
mhensley@bressler.com
*Attorneys for Defendant/Counterclaim Plaintiff United Property and Casualty Insurance Company*

Dated: May 17, 2021

**DECLARATION OF SERVICE**

I hereby certify that on this date I caused a copy of this pleading to be served upon all parties in the above-caption matter via the United State District Court for the Southern District of New York's Electronic Filing System.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 17, 2021                             */s/ Michael T. Hensley*
                                                Michael T. Hensley, Esq.