

KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM
jsabin@kanekessler.com

January 18, 2022

*Via ECF*
Hon. Paul E. Davison
United States Magistrate Judge
United States District Court, Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re: *Prorokovic et al v. United Property & Casualty Insurance Co.*
         No. 7:21-cv-01998-VB

Dear Judge Davison:

  We represent the insured Plaintiffs in the above-referenced insurance coverage action. We write regarding the discovery disputes below.[1]

  **UPC Communications with Claims' Counsel:** UPC is withholding as privileged all responsive communications with outside claims counsel concerning the insurance Claim between November 17, 2020 (when claims counsel was retained) and January 19, 2021 (when coverage was disclaimed). New York law is clear that such documents are discoverable. "Where, as here, it is alleged that the insurer has breached a duty to its insured, the insurer may not use the attorney-client or work product privilege to shield from disclosure material relevant to the insured's bad faith action." *Woodson v. Am. Tr. Ins. Co.,* 280 AD2d 328, 328-29 (1st Dept 2001) (citation omitted). "Documents prepared in the ordinary course of an insurance company's investigation to determine whether to accept or reject coverage and to evaluate the extent of a

---

[1] Plaintiffs' home, which was insured by defendant UPC, was destroyed by a fire. UPC denied coverage on the basis that Plaintiffs allegedly made material misstatements on their insurance application. Discovery developed to date reveals that no misstatements were made and that UPC's declination was made in bad faith. *See generally* ECF No. 36.



Page 2

claimant's loss are not privileged, and, therefore, discoverable." *Brooklyn Union Gas Co. v. Am. Home Assur. Co.,* 23 AD3d 190, 191 (1st Dep't 2005).[2]

**UPC Has Not Performed an Adequate ESI Search:** UPC has refused to perform any search of its email (or other) systems for responsive communications on the grounds that all responsive information was transferred by UPC to a folder within its document management system and that all contents of that folder have been produced. UPC's production to date indicates otherwise. Specifically, UPC claims that it exchanged only *three* substantive, responsive emails with outside counsel between November 17, 2020 and January 19, 2021, when counsel was investigating whether UPC had grounds to "rescind" the Policy. This is simply not credible in light of UPC's assertion that its decision to "rescind" was not made in the ordinary course, took two months of investigation and required legal advice from claims counsel. UPC, like every litigant in any commercial dispute, should not be excused from performing the routine process of searching its regular email systems for responsive information.

Respectfully submitted,
**KANE KESSLER, P.C.**

By:     */s/ Jonathan M. Sabin*
    S. Reid Kahn
    Jonathan M. Sabin
600 Third Avenue
New York, NY 10016
(212) 541-6222
rkahn@kanekessler.com
jsabin@kanekessler.com
*Attorneys for Plaintiffs*

---

[2] Defendant's semantic argument that its pre-declination correspondence with counsel was not made in the "ordinary course of business" because it purportedly concerned "rescission" and not a "declination" of coverage, is incorrect. The theory upon which an insurer denies coverage, whether because the loss falls outside the policy or because the policy is rescinded, is immaterial. In either case, the insurer is performing its core business function of determining whether to accept or reject coverage and, consequently, such communications are discoverable. *See Advanced Chimney, Inc. v. Graziano*, 153 A.D.3d 478 (2d Dep't 2017) (communications between insurer and law firm during investigation of claim was "not primarily and predominantly of a legal character" and thus subject to disclosure even though insurer rescinded the policy based on that investigation).