

**Bressler**
AMERY & ROSS
A PROFESSIONAL CORPORATION

17 State Street
34th Floor
New York, NY 10004
Tel:  212.425.9300
Fax: 212.425.9337

Michael T. Hensley
Principal

Direct: (212) 235-6436
mhensley@bressler.com

February 1, 2022

<u>VIA ELECTRONIC CASE FILING</u>

Honorable Paul E. Davison, U.S.M.J.
The Hon. Charles L. Brieant, Jr. Federal Building
and United States Courthouse
300 Quarropas Street
White Plains, New York   10601-4150

> **Re:    Dajan & Dina Prorokovic v. United Property and Casualty Insurance Co.**
> **Civil Action No.:  7:21-cv-01998-VB**

Dear Judge Davison:

This firm represents Defendant United Property and Casualty Insurance Company ("UPC") in connection with the above-referenced matter.  A telephonic conference is scheduled in this matter for February 2, 2022 at 3:00 p.m.   There are three items on the agenda for the conference, all of which have been addressed by the parties' filed letters:  1) the attorney client privilege issue relating to UPC's document production, 2) Plaintiffs' demand that UPC conduct an e-mail search review, and 3) UPC's request to amend its answer to assert an affirmative defense based on accord and satisfaction.  Please allow this letter to provide an update on the parties' efforts to meet and confer.

With regard to Plaintiffs request for UPC to conduct an e-mail search, the parties have continued to meet and confer, and UPC agrees to conduct the search.  My office is working with UPC to ascertain a timeframe on when this can be completed.  Plaintiffs expressed a preference for the search to be done by the mediation date of February 17, 2022, but UPC cannot yet commit to that deadline as we are evaluating internally how long this search will take given the multiple custodians involved.

With regard to the attorney client privilege issue, Marshall Dennehey recently served objections to the subpoena based on privilege.  We are attaching those objections hereto as Exhibit "A" so the Court has the subpoenaed party's position on this issue.

The parties also met and conferred on the current discovery schedule, and jointly request an extension of fact discovery from February 11 to the new date of March 31, 2022.  This extension will permit the parties to resolve their discovery disputes and complete depositions.

I thank the Court in advance for its courtesies.



February 1, 2022
Page 2

Respectfully submitted,

*/s Michael T. Hensley*

Michael T. Hensley

cc:     Jonathan M. Sabin, Esq. (via ECF Notification)

# EXHIBIT A

ALABAMA ▲ FLORIDA ▲ NEW JERSEY ▲ NEW YORK ▲ NORTH CAROLINA ▲ TEXAS ▲ WASHINGTON, DC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAJAN PROROKOVIC and DINA | : | |
|  PROROKOVIC, | : | |
| | : | 7:21-cv-01998-VB-PED |
| v. | : | |
| | : | |
| UNITED PROPERTY & CASUALTY | : | |
| INSURANCE COMPANY | : | |

## OBJECTION TO SUBPOENA

Christopher J. Power, Special Counsel with the law firm Marshall Dennehey Warner Coleman & Goggin, P.C. and recipient of a subpoena duces tecum issued in this matter by counsel for Plaintiffs Dajan and Dina Prorokovic, dated January 12, 2022, hereby objects to that subpoena, by and through his counsel Nicholas P. Chrysanthem.

It has long been the law that where an insurer obtains legal advice "with a reasonable expectation of confidentiality," it will be protected from disclosure in ensuing litigation. *Gulf Ins. Co. v. Transatlantic Reinsurance Co.*, 788 N.Y.S.2d 44, 46 (App. Div. 1st Dep't 2004) (quoting *North River Insurance Co. v. Philadelphia Reinsurance Corp.*, 797 F. Supp. 363, 369 (D.N.J. 1992)). Courts recognize that the attorney client "privilege attaches (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036 (2d Cir. 1984) (quoting *United States v. Bein*, 728 F.2d 107, 112 (2d Cir. 1984)). The intentions of both the attorney and the client in this regard are highly relevant, because "[i]f confidentiality were not intended, of course, the privilege would not attach." *In re Grand Jury Subpoena*, 731 F.2d at 1037.

Likewise, under the work product doctrine, claim files are, by default, "conditionally

immune from discovery as material prepared for litigation." *Koramblyum v. Medvedovsky*, 801 N.Y.S.2d 235 (Sup. Ct. Kings Cnty. 2005), *aff'd*, 799 N.Y.S.2d 73 (App. Div. 2d Dep't 2005). Work product protection applies to any "documents and tangible things that are prepared in anticipation of litigation or for trial by" an attorney on behalf of a client. Fed. R. Civ. P. 26(b)(3)(A). Even where work-product material is discoverable, an attorney's "mental impressions, conclusions, opinions, or legal theories . . . concerning the [anticipated] litigation" are protected against disclosure. Fed. R. Civ. P. 26(b)(3)(B).

New York law does interpret "the <u>payment or rejection of claims</u>" to be "a part of the regular business of an insurance company." *Bertalo's Rest. Inc. v. Exch. Ins. Co.*, 658 N.Y.S.2d 656, 659 (App. Div. 2d Dep't 1997) (emphasis added). As a consequence, communications and reports "which aid [insurers] in the process of deciding <u>which of the two indicated actions</u> to pursue"—that is, payment or rejection of a claim—"are made in the regular course of its business," and commonly discoverable in litigation. *Id.*; *see also Westhampton Adult Home, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 481 N.Y.S.2d 358, 360 (App. Div. 1st Dep't 1984) ("Reports made by independent investigators and adjusters, before <u>rejection</u> of insurance claim, are generally discoverable.") (emphasis added) (citations omitted).

However, rescission of claims is not "the regular business of an insurance company." *Bertalo's Rest.*, 658 N.Y.S.2d at 659. On the contrary, insurers are in the practice of issuing policies and making claims decisions under them. *Cf. Preferred Mut. Ins. Co. v. Lodigiani*, 2014 WL 4102374, at *2 (D. Mass. Aug. 12, 2014) (no waiver of attorney-client privilege for communications between insurer and its chosen counsel involving the insurer's "process for deciding to bring this rescission action"); *Cont'l Cas. Co. v. Boughton*, 695 Fed. App'x 596, 598 (2d Cir. 2017) (noting that "a contract of insurance remains in effect" until "the issue of rescission is adjudicated") (quoting *In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 465 (S.D.N.Y. 2005)).

The subpoena issued to Mr. Power seeks information protected by the attorney-client privilege and work product doctrine.  The full scope of Mr. Power's knowledge regarding the matter at issue in this litigation comes solely from his capacity as counsel for Defendant United Property & Casualty Insurance Company vis-à-vis the insurance claim made by Plaintiffs Dajan and Dina Prorokovic.  His engagement with respect to their claim began and ended prior to this suit being filed; but it was limited to investigating the claim and advising UPC with respect to their claim.  Both Mr. Power and UPC anticipated litigation regarding the matter for which he was engaged.  The content of that advice, and description of the scope of his retention beyond what is stated herein, is confidential and privileged.

Likewise, the documents sought by the subpoena—identified in the subpoena's Schedule II, and exceedingly broadly defined in the subpoena's Schedule I—are confidential and privileged under both the work product doctrine and attorney client privilege.

Therefore, Mr. Power objects to the subpoena.

Dated: New York, New York
       January 26, 2022

> **MARSHALL DENNEHEY WARNER
> COLEMAN & GOGGIN**
>
> Nicholas P. Chrysanthem
> Wall Street Plaza
> 88 Pine Street, 21st Floor
> New York, New York 10005
> (212) 376-6400
>
> *Attorney for Non-Party*
> *Christopher J. Power*

3