**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

DAJAN PROROKOVIC and DINA
PROROKOVIC,

                Plaintiffs,

v.

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,

                Defendant.

Civil Action No. 7:21-cv-01998–VB

**DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party or non-party shall have the right, if believing in good faith that such designation is proper, to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). The inadvertent failure to make such designation on any particular page does not preclude a party from asserting confidentiality.

2. Any party to this litigation and any third-party or non-party shall have the right, if believing such designation is proper, to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES

ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). The inadvertent failure to make such designation on any particular page does not preclude a party from asserting "Attorneys' Eyes Only".

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action (including but not limited to trial preparation), shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Material to be treated under this Order as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall include, but not be limited to:   (a) all copies, extracts, and complete or partial summaries prepared from such materials; (b) portions of pleadings which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (d) portions of briefs, memoranda or other writings filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (e) deposition testimony designated in accordance with this Order; (f) testimony or other verbal exchanges designated in accordance with this Order; and (g) any non-public discovery materials. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial

discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. Subject to any overriding rules imposed by the Court in this Action, all Confidential Information shall be filed under seal with the Court in after the Party seeks leave to file under seal with the proposed sealed filing as a sealed attachment.  If leave is granted, the Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and filed in accordance with this Paragraph.   The sealed material shall not be opened or released from the custody of the Court except by order of the Court and except that outside counsel of record for any party may have access thereto by request to the Court.   The filing Party must submit a redacted copy of the filing via ECF.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third

party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by requesting "an informal conference with the Court by letter-motion for a pre-motion discovery conference[,]" in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with Local Rules.

10. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the

4

receiving party through proper means or which is or becomes available to a party from a source
other than the party asserting confidentiality, rightfully in possession of such information on a
non-confidential basis, shall be deemed or considered to be Confidential material under this
Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to
object to discovery by any other party or on any otherwise permitted ground. This Discovery
Confidentiality Order is being entered without prejudice to the right of any party to move the
Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action
and shall remain in full force and effect unless modified by an Order of this Court or by the
written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to
the terms hereof shall be under an obligation to assemble and to return to the originating source,
within 90 days, all originals and unmarked copies of documents and things containing Confidential
material and to destroy, should such source so request, all copies of Confidential material that
contain and/or constitute attorney work product as well as excerpts, summaries and digests
revealing Confidential material; provided, however, that counsel may retain complete copies of all
transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to
the provisions of this Discovery Confidentiality Order. To the extent a party requests the return
of Confidential material from the Court after the final conclusion of the litigation, including the
exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion
seeking such relief.

17.    Regardless of the designation, Protected Health Information is protected
information and protected material under this Order, and all protections and obligations applicable
pursuant to this Order shall automatically apply to PHI.   Notwithstanding any other provision of
this Order, PHI may be used only as reasonably needed for purposes of this lawsuit and shall be
considered CONFIDENTIAL (or, if so designated, ATTORNEYS' EYES ONLY), unless the
Court orders otherwise and only in accordance with the procedures set forth herein.   A producing
party may, without any further designation under this Order, redact from produced information
PHI that is not relevant to the claims or defenses in this litigation.   Any such redactions must be
clearly identified by transmittal letter or other clear labeling, directly on the document where
feasible.   A Party receiving material with PHI redacted may serve a written demand that the
producing party re-produce the information without redaction and stating the grounds therefor.
The process for making such an objection and for resolving the dispute shall be in accordance with
the process for objecting and resolving disputes as provided for in this Agreement. The Notice
Regarding Privacy and Public Access To Electronic Civil and Criminal Case Files (United States
District Court for the Southern District of New York) governs filing of materials that include the
personal data identifiers described therein. The aforementioned Notice is accessible at
https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf. Nothing in this Order
abrogates or waives the provisions of that Notice.

IT IS SO ORDERED.

Dated: 2/2/22

_____

Hon. ~~XXXXXXXXXXXXXXXX~~
Paul E. Davison

**KANE KESSLER, P.C.**

By: __/s/   Jonathan M. Sabin__
S. Reid Kahn, Esq.
Jonathan M. Sabin, Esq.
600 Third Avenue
New York, NY 10016
(212) 541-6222
rkahn@kanekessler.com
jsabin@kanekessler.com

*Attorneys for Plaintiffs*

**BRESSLER AMERY & ROSS, P.C.**

By: *__/s/ Michael T. Hensley__*
Michael T. Hensley, Esq.
17 State Street
New York, NY 10004
(212) 425-9300
MHensley@bressler.com

*Attorneys for Defendant*

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DAJAN PROROKOVIC and DINA
PROROKOVIC,

               Plaintiffs,

v.

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,

               Defendant.

Civil Action No. 7:21-cv-01998–VB

**AGREEMENT TO BE BOUND BY
DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

    1. My address is _____.

    2. My present employer is _____ and the address of my present employment is _____.

    3. My present occupation or job description is _____.

    4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

    6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

    7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____   _____
                                                  [Name]