

KANE KESSLER, P.C.
600 THIRD AVENUE
NEW YORK, NEW YORK 10016
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM
jsabin@kanekessler.com

February 16, 2022

*Via ECF*
Hon. Paul E. Davison
United States Magistrate Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

     Re: *Prorokovic et al v. United Property & Casualty Insurance Co.* No. 7:21-cv-01998-VB

Dear Judge Davison:

  We represent the insured Plaintiffs in the above-referenced insurance coverage action.[1] We write in connection with the refusal of non-party Marshall Dennehey Warner Coleman & Goggin, PC ("Marshall Dennehey") to produce non-privileged documents responsive to a subpoena, dated January 12, 2022 (the "Subpoena"). A copy of the Subpoena is annexed as **Exhibit 1.**

  Marshall Dennehy was retained as outside counsel by UPC Insurance on November 17, 2020 to investigate Plaintiffs' Claim in connection with the destruction of their house due to a fire. Plaintiffs duly served the Subpoena on Marshall Dennehey requesting, *inter alia*, all communications between Marshall Dennehey and UPC concerning Plaintiffs and the Claim for the time period of August 1, 2020 through January 19, 2021 (the date UPC declined coverage), thereby *excluding* any post-declination communications with UPC, which might be privileged.

  On January 26, 2022, Marshall Dennehey served written objections to the Subpoena, refusing to produce any responsive documents on privilege grounds. A copy of Marshall Dennehey's response to the Subpoena is annexed hereto as **Exhibit 2.** Marshall Dennehey asserted the same frivolous

---

[1] Plaintiffs' home, which was insured by defendant UPC, was destroyed by a fire on November 5, 2020. UPC denied coverage on the basis that Plaintiffs allegedly made material misstatements on their insurance application. As a result, Plaintiffs and their school-age children were forced to relocate to a rental apartment in a new neighborhood (where they remain), they have been unable to rebuild their home, have spent thousands of dollars in legal fees to enforce their rights under the Policy and are on the brink of bankruptcy. Discovery developed to date reveals that no misstatements were made and that UPC's declination was made in bad faith. *See generally* ECF No. 36.

argument previously advanced by UPC that discussions with UPC concerning "rescission" of the Claim are privileged because "rescission of claims is not the regular business of the insurance company."

In its Memorandum Decision and Order, dated February 4, 2022, this Court expressly rejected Marshall Dennehey's basis for withholding documents responsive to the Subpoena, holding that *inter alia*, the "proposition that it is not in the business of rescinded policies defies logic." (Order at 2) (quotations omitted). The Court ordered that "defendants shall produce all responsive communications with outside counsel [i.e. Marshall Dennehey] between November 17, 2020 and January 19, 2021." (*Id*. at 3) The undersigned provided Marshall Dennehey with a copy of the Order on February 7, 2022 and requested prompt production of the subject documents. Marshall Dennehey refused, stating that "the decision pertains to UPC." A copy of the aforementioned email correspondence is annexed as **Exhibit 3**.

There is no basis for Marshall Dennehey's continued non-compliance with the Subpoena. Their privilege assertions were expressly rejected by this Court and their position that the Order does not "pertain" to them is unavailing as they are UPC's agent. Accordingly, Plaintiffs respectfully request that the Court compel Marshall Dennehey to produce documents responsive to the Subpoena within ten (10) days.

Respectfully submitted,

**KANE KESSLER, P.C.**

By:   */s/ Jonathan M. Sabin*
    S. Reid Kahn
    Jonathan M. Sabin
600 Third Avenue
New York, NY 10016
(212) 541-6222
rkahn@kanekessler.com
jsabin@kanekessler.com
*Attorneys for Plaintiffs*

cc:   Nicholas P. Chrysanthem, Esq.
     npchrysanthem@mdwcg.com
     Michael Hensley, Esq.
     mhensley@bressler.com