AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| DAJAN PROROKOVIC and DINA PROROKOVIC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    7:21-CV-01998-VB |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Christopher J. Power, Marshall Dennehey Warner Coleman & Goggin, P.C., 175 Pinelawn Road, Suite 250, Melville NY 11747

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Kane Kessler, P.C. <br> 600 Third Avenue-35th Floor <br> New York, NY 10016 | Date and Time: <br><br> 02/08/2022 2:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographically and by Video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

see attached schedules

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/12/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ Jonathan M. Sabin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Dajan Prorokovic and Dana Prorokovic                                   , who issues or requests this subpoena, are:

Jonathan M. Sabin, Esq., Kane Kessler, P.C., 600 Third Avenue, 35th Floor, New York, New York 10016
212-519-5113, jsabin@kanekessler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  7:21-CV-01998-VB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE I

## DEFINITIONS

A.      As used herein, the words "document" or "documents" mean any printed, written,

taped, recorded, graphic, computerized print-out, or other tangible matter, from whatever source,

however produced or reproduced, whether in draft or otherwise, whether sent or received, or

neither, including, but not limited to, the original, a copy (if the original is not available) and all

non-identical copies (whether different from the original because of notes made on or attached to

such copy or otherwise) of any and all Electronic Data, writings, correspondence, letters, e-mails,

Electronic Messages, LinkedIn messages, LinkedIn posts, LinkedIn notifications, LinkedIn

alerts, Facebook messages, Facebook posts, telegrams, cables, telexes, faxes, contracts,

proposals, statements posted on or to the Internet, agreements, minutes, acknowledgments, notes,

memoranda, analyses, projections, work papers, books, forecasts or appraisals, valuations,

papers, records, reports, diaries, statements, questionnaires, schedules, computer programs or

data, books of account, calendars, graphs, charts, tapes, transcripts or recordings, photographs,

pictures or film, journals, ledgers, registers, worksheets, summaries, digests, financial statements,

and all other information or data, records or compilations, including all underlying, supporting or

preparatory material now in Power's possession, custody or control, or available to his counsel,

accountants, agents, representatives or associates.

B.      As used herein, Electronic Messages means any electronic text or media content

exchanged between two or more users of a software application. Electronic messages include

both SMS messages sent over cellular networks and messages sent over the Internet using

applications such as WhatsApp, iMessage, Facebook Messenger, Twitter (via direct message),

Slack, Google Chat, and many others. Emails shall be considered a different category for purposes of these requests.

        C.      As used herein, "Electronic Data" shall include, but not be limited to, all data compilations from which information can be obtained through detection devices, including but not limited to original and non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial or work-in-progress), programming notes or instructions, statements posted on or to the Internet, LinkedIn archives, LinkedIn data, LinkedIn messages, LinkedIn notifications, LinkedIn alerts, Facebook messages, Facebook posts, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program (including word processing documents, spreadsheets, database files (including records, fields, and structural information), contact management and personal information data, HTML files, Internet history files and preferences, presentations, charts, graphs and outlines, graphical image format ("GIF") files, calendar and scheduling information, computer system activity logs, arrays of information and all other information used or produced by any software), electronic mail or "email," operating systems, source code of all types, programming  languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables; logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data consists of an active file, deleted file or file fragment.  "Electronic Data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched

tape; zip drives, RAR drives, ART drives, personal storage devices, memory sticks, USB storage devices, computer chips (including but not limited to EPROM, PROM, ROM and RAM of any kind) or in any other vehicle for digital data storage or transmittal, including files, folder tabs, or containers and labels appended to or associated with each original and each copy.  Electronic Data should be produced in TIFF format with associated metadata.

D.      As used herein, the term "communication" shall mean any oral or written utterance, notation, depiction, or statement of any nature whatsoever, including but not limited to: correspondence; personal conversations; telephone calls; facsimiles; dialogues; discussions; interviews; consultations; telegrams; telexes; cables; emails; Electronic Messages; Facebook messages; Facebook posts; Linked messages; LinkedIn alerts; LinkedIn notifications; LinkedIn posts; voicemails; statements posted on or to the Internet; memoranda; agreements; analyses; and other verbal and non-verbal understandings.

E.      The term "person" refers to both the plural and the singular, of any natural person, firm, corporation, association, group or organization, unless specifically otherwise stated.

F.      The terms "and "and "or" each shall mean and/or.

G.      "Concerning" shall mean relating to, referring to, alluding to, responding to, in connection with, or in respect of, analyzing, touching upon, bearing upon, impacting, influencing, constituting and being, and is not limited to contemporaneous events, actions communications or documents.

H.      The term "Complaint" refers to Plaintiffs' Complaint, dated March 8, 2021.

I.      The term "Answer and Counterclaim" refers to Defendant's Answer and Counterclaim, dated May 17, 2021.

J.      The term "Defendant" shall mean all defendant United Property & Casualty Insurance Company.

K.      "Premises" shall mean 24 Woodside Drive, New City, NY 10956-6744.

L.      "Roof" shall mean the roof that was on the Premises as of June 10, 2020, the date that Rubenstein entered into a contract with Plaintiffs for sale of the Premises.

M.      "MLS Listing" means MLS # 5080319 for the Premises.

N.      "Policy" means the homeowner's insurance policy number 32 1017967041 issued by Defendant to Dajan Prorokovic for the Premises

O.      "Claim" means the claim filed by Plaintiffs pursuant to the Policy in connection with the fire that destroyed the Premises.

## INSTRUCTIONS

A.      This request for documents shall be deemed continuing so as to require prompt, further and supplemental production if Power locates or obtains possession of additional responsive documents at any time prior to trial herein.

B.      The documents to be produced shall encompass all documents (1) in Power's possession, custody, or control, including, without limitation, all documents in the possession, custody, or control of Power's current or former employees, accountants, attorneys, brokers, consultants, financial advisors, officers, or directors or (2) in the possession, custody, or control of advisors, consultants, experts, or other representatives or agents retained by Power or Power's attorneys.

C.      Each request for a document shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom this notice is directed.

D.      Each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other.

E.      If, after a good faith search, you conclude that there are no documents responsive to a particular request, so state.

F.      Documents shall be produced in full and unexpurgated form.

G.      Non-responsive information in otherwise responsive documents may not be redacted.

H.      Each request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

I.      Emails should be produced with any attachments.

J.      If Power knows of any document, communication or information but cannot give the specific information or the full information called for by a particular request, so state and give the best information you have on the subject and identify each and every person Power believes to have the requested information.

K.      All references in these instructions to the masculine gender shall be construed as including the feminine gender.

L.      All references to the singular shall also include reference to the plural; and all references to the plural shall also include reference to the singular.

M.      All documents are to be produced as they are kept in the usual course of business with any identifying labels, markings, or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

N.      Any response to these requests shall set forth the request in full before each response.  Separate responses shall be provided with respect to each request.

O.      If you object to any part of a request, set forth the basis for your objection with particularity. Any ground not stated in an objection within the time provided by the Rules, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any answer.

P.      Electronic messages should be produced in formats that preserve key features of the message (such as media, emojis, sender and recipient names) and which are easily searchable.

Q.      Unless otherwise indicated, the time period for the demands is August 1, 2020 through January 19, 2021.

R.      If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

        (a)      the reason for withholding the document;
        (b)      a statement of the basis for the claim of privilege, work product or other ground of non-disclosure; and
        (c)      a brief description of the document, including:
        (i)      the date of the document;
        (ii)      the number of pages and a description of any attachments and appendices;
        (iii)      the names of its author, authors and preparers and an identification by employment and title of each such person;
        (iv)      the name of each person who was sent, shown, or blind or carbon copied the document, or who has had access to or custody of the document, together with an identification of each such person;
        (v)      the present custodian; and

> (vi)     the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

S.       If any document requested herein, including but not limited to Electronic Messages, was at one time in existence, but has been lost, discarded or destroyed, identify each such document as completely as possible, providing as much of the following information as possible:

> (a)     the type of document;
> (b)     its date;
> (c)     the date or approximate date it was lost, discarded or destroyed;
> (d)     the circumstances and manner in which it was lost, discarded or destroyed;
> (e)     the reason or reasons for disposing of the document (if discarded or destroyed);
> (f)     the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
> (g)     the identity of the person(s) who lost, discarded, or destroyed the document; and
> (g)     the identity of all persons having knowledge of the contents thereof.

## SCHEDULE II

## DOCUMENTS TO BE PRODUCED

1.      All documents and communications concerning the Claim.

2.      All documents and communications concerning Plaintiffs.

3.      All communications with Defendant, and/or its representatives, agents, independent contractors, employees and any other third party concerning Plaintiffs.

4.      All communications with Defendant, and/or its representatives, agents, independent contractors, employees and any other third party concerning the Claim.

5.      Any and all agreements with Defendant concerning the Claim, including but not limited to, any retainer agreements.

6.      All communications with any investigator concerning Plaintiffs.

7.      All communications with any investigator concerning the claim.

8.      All documents and communications contained in any investigative file concerning the Claim and/or Plaintiffs.


Dated: New York, New York
       January 12, 2022


                                          **KANE KESSLER, P.C.**

                                          By: */s/ Jonathan M. Sabin*
                                               S. Reid Kahn
                                               Jonathan M. Sabin
                                          600 Third Avenue
                                          New York, New York 10016
                                          Tel.:  (212) 541-6222
                                          Fax:  (212) 245-3009
                                          Rkahn@kanekessler.com
                                          jsabin@kanekessler.com

                                          *Attorneys for Plaintiffs*

9