UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAJAN PROROKOVIC and DINA
PROROKOVIC,

                                 Plaintiffs,

       -against-

UNITED PROPERTY & CASUALTY
INSURANCE COMPANY,

                                 Defendant.
--------------------------------------------------------X

**DECISION AND ORDER**

21 Civ. 1998 (VB) (PED)

**PAUL E. DAVISON, U.S.M.J.**

      This diversity case arises from a November 5, 2020 fire at plaintiffs' premises. That same day, plaintiffs claimed a total loss under their homeowners insurance policy issued by defendant. Defendant initiated an investigation and, on January 19, 2021, it denied plaintiffs' insurance claim and rescinded the policy on the ground that plaintiffs made material misrepresentations and/or false statements on the insurance application.

      This case is before me for general pretrial supervision pursuant to an Order of Reference dated January 13, 2022. Dkt. #43. This Decision and Order addresses plaintiffs' application for leave to file an Amended Complaint. Dkt. #56. *See also* Dkt. #58 (defendant's letter in opposition). For the reasons that follow, plaintiffs' application is **DENIED**.[1]

---

[1] A Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is not required because denial of plaintiffs' application to amend is not dispositive of any existing claims. *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25-26 (2d Cir. 2012) (Report and Recommendation required where Magistrate Judge granted plaintiff's motion to file a second amended complaint to the extent it did not contain any state law claims, which amounted to dismissal of plaintiff's existing state law claims that had survived a motion to dismiss); *see also*, *e.g.*, *Erdogan v. Nassau County*, No. 10 Civ. 05837, 2014 WL 1236679, at *1 (E.D.N.Y. Mar. 25, 2014) (Memorandum and Order denying plaintiff's motion to amend the complaint to add two additional defendants); *In re Mission Constr. Litig.*, Nos. 10 Civ. 4262, 10 Civ. 9344, 11 Civ. 1565, 2013 WL 4710377, at *1 (S.D.N.Y. Aug. 30, 2013) (Opinion and Order denying motion to

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("FRCP") 15(a)(2), the Court "should freely give leave [to amend] when justice so requires."  Notwithstanding this ordinarily lenient standard, the "denial of leave to amend has long been held proper" for reasons such as "undue delay, bad faith, dilatory motive, and futility."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

However, "if the motion [to amend a pleading] is filed after the deadline imposed by the district court in its scheduling order," the movant must show "good cause" for its failure to timely amend.  *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (citing FRCP 16(b)(4)).  "Whether good cause exists turns on the diligence of the moving party."  *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quotation marks and citation omitted).  Thus, in order to demonstrate good cause, defendant must demonstrate that, "despite [its] having exercised diligence, the applicable deadline could not have been reasonably met."  *Saloman v. Adderley Indus., Inc.*, 960 F. Supp.2d 502, 507 (S.D.N.Y. 2013).  "Conversely, a movant fails to satisfy this burden when the proposed amendment is based on information the party knew or should have known in advance of the applicable deadline."  Id.  If defendant demonstrates good cause under FRCP 16, the Rule 15 standard applies to determine whether leave to amend should be granted.  *Beckett v. Incorporated Village of Freeport*, No. 11 Civ. 2163, 2014 WL 1330557, at *5 (E.D.N.Y. Mar. 31, 2014).

---

join a defendant and file a second amended complaint).

## II. DISCUSSION

A. <u>FRCP 16(b)(4)</u>

Here, the Court set September 27, 2021 as the deadline for amended pleadings. *See* Civil Case Discovery Plan and Scheduling Order, Dkt. #24. Although certain discovery deadlines were subsequently extended, the deadline for amended pleadings was not. *See* Revised Civil Case Discovery Plan and Scheduling Order, Dkt. #31; 2d Revised Civil Case Discovery Plan and Scheduling Order, Dkt. #34. Because plaintiffs' application is clearly untimely, plaintiffs are "required to show good cause for [their] failure to propose the amendment earlier in the proceedings." *Werking*, 526 F. App'x at 96. To that end, plaintiffs assert that the deposition testimony of Craig Rubinstein (the former property owner) on January 13, 2022 yielded information previously unknown and gave rise to the allegations underlying the proposed amendment. Plaintiffs diligently filed the instant application on February 3, 2022. Accordingly, I conclude that plaintiffs have demonstrated good cause for their failure to timely amend.

B. <u>FRCP 15(a)(2)</u>

Plaintiffs seek to add the following allegations: (1) that defendant "intentionally and in bad faith failed to investigate a conflict in the unsworn statement of Craig Rubinstein . . . and the sworn testimony of Dajan Prorokovic that Rubinstein told him several months before closing that the roof was updated in 2001, making it less than 20 years old"; and (2) "if UPC insurance had contacted Rubinstein about the conflicting statements concerning the roof, it would have learned that Rubinstein replaced the roof in 2001 and that the roof was less than 20 years old as represented by Plaintiff Dajan Prorokovic." Dkt. #56, at 1.

Plaintiffs argue that "the additional specific factual allegations of bad faith are clearly not futile" because one of the grounds for defendant's denial of coverage and/or rescission of the

policy was that the roof was over 20 years old. Dkt. #56, at 2. I disagree. Defendant contends, and plaintiffs do not dispute, that: (1) Mr. Rubinstein told defendant pre-suit that the roof was over 20 years old; (2) Dina Prorokovic told defendant pre-suit that the roof was over 20 years old; and (3) Dajan Prorokovic told defendant pre-suit that he believed the roof was under 20 years old. Dkt. #58, at 1. *See also* Dkt. #16 (Answer to Complaint and Counterclaim), ¶¶ 18-19, 22-24. This information was known to defendant at the time it denied plaintiffs' claim. The proposed additional allegations of bad faith hinge on Mr. Rubinstein's testimony at deposition, *on January 13, 2022*, that he replaced the roof in 2001. But the subsequent deposition testimony of the prior owner is not relevant to the issue of whether defendant acted in bad faith *on January 19, 2021*, when it denied plaintiffs' claim.

Thus, plaintiffs' proposed allegations do not logically support a bad faith claim and would not survive a motion to dismiss. "Ordinarily, leave to amend may be denied on the basis of futility if the proposed claim would not withstand a Rule 12(b)(6) motion to dismiss." *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp.2d 379, 403 (S.D.N.Y. 2014), *aff'd sub nom. APEX Employee Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 14-3191, 2018 WL 672419 (2d Cir. Feb. 1, 2018). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). Accordingly, because the proposed amendment is futile, plaintiffs' application for leave to amend is **DENIED**.

Dated:  February 25, 2022  
       White Plains, New York

**SO ORDERED.**

_____  
PAUL E. DAVISON, U.S.M.J.